UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NURO B. DEDEFO,

Plaintiff,

v.

CITY OF MINNEAPOLIS, ROBERT OLSON, CHRISTOPHER TUCKER PHILLIP GANGNON, CEDAR TOWING COMPANY, and THOMAS MICHAEL MUDEK,

Defendants.

CIVIL NO. 01-418 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on July 3, 2001 upon Plaintiff's Motion for Default Judgment against Defendants Cedar Towing and Mudek [Docket No. 8], as well as Motions by Defendants Cedar Towing [Docket No. 16] and Mudek [Docket No. 21] for relief of default, leave to file an untimely answer, to amend the Pretrial Scheduling Order, and to dismiss the Complaint. The Court has taken the Motions under advisement. However, it is appropriate to clarify certain items in the record at this time.

ACCORDINGLY, IT IS HEREBY ORDERED

1. The documents at Docket No. 15 and Docket No. 20 filed by Defendants Cedar Towing and Mudek shall be denominated Proposed Answers, rather than simply Answers.

2. The portions of Defendants' Motions [Docket Nos. 16, 21] purporting to be Motions to Dismiss shall be stricken without prejudice.

FILED JUL 03 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

Dated: July 3, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

The Court has under advisement the Motions of Defendants to file untimely Answers. Until those Motions are decided, the Answers are properly denominated "Proposed Answers." The Motions to Dismiss must be stricken, because they were not filed as timely responses to the Complaint. (They also fail to provide adequate opportunity for response.)

In their other Motions, counsel for Defendants seek to set aside default under Rule 55(c) of the Federal Rules of Civil Procedure, and to amend the Scheduling Order to allow them "to comply (and obtain compliance with) with [sic] pre-discovery disclosures under Fed. R. Civ. P., Rule 26(a)(1) by July 10, 2001."[1] In deciding the Motion to set aside default, the Court must consider three factors, and shall "focus heavily on the blameworthiness of the defaulting party." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir.1998). Defendants Cedar Towing and Mr. Mudek have not yet provided to Plaintiff the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. They each excuse their failure to make these disclosures by the assertion that they were uncertain whether the Court would permit it. We are not inclined to accept this as a

[1] The duty of Plaintiff to make such disclosures to said Defendants will arise if the Motions to set aside default are granted.

justification. First of all, if it were true that they would have made the disclosures but for their uncertainty as to whether it was permissible, they would not have asked to delay the making of their disclosures until July 10. It is also inconsistent with other conduct of said Defendants.

Counsel for each of these Defendants filed Answers even though they did not have the permission of the Court to do so. If counsel felt justified in filing an untimely Answer to the Complaint under these circumstances, it is inconsistent to suggest that it was proper to refrain from providing to Plaintiff the information required by Rule 26(a)(1). Counsel for Defendants assert that their filing of the Answers was for the purpose of making a showing that Defendants had a "meritorious defense" to the underlying action, one of the factors the Court is to consider on their Motion under Rule 55(c). The justification offered for filing Answers applies equally to providing the information required by Rule 26(a)(1), since the information required by Rule 26(a)(1) would bear upon whether the defense was meritorious.

The Court will permit Defendants Cedar Towing and Mudek to deliver and file a Supplemental Memorandum, and Affidavits, addressing the issues concerning the relationship of the disclosures under Rule 26(a)(1) to the underlying Motion under Rule 55(c), no later than July 10, 2001. Plaintiff may deliver and file responsive Memoranda and Affidavits no later than July 17, 2001. The Court will then take all Motions under advisement.

J.M.M.